UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-691 |
| | § | (C.A. No. C-09-335) |
| MARTIN EDILBERTO CASTELLANOS | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Martin Ediberto Castellanos' ("Castellanos") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 26). The Government has filed a response and answer, in which it argues that Castellanos' motion should be dismissed because it is without merit and is in part moot. (D.E. 37). Castellanos filed a reply brief on March 4, 2010. (D.E. 38). The Court has considered all of the briefing and transcripts from rearraignment and sentencing. (D.E. 34, 35, 38).

For the reasons set forth below, the Court GRANTS the government's motion to dismiss and DISMISSES Castellanos' motion because his substantive claims are lacking in merit. Additionally, the Court DENIES Castellanos a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Martin Ediberto Castellanos was arrested on October 11, 2008 at the border checkpoint south of Falfurrias, Texas. He was driving a tractor trailer rig with a load of "some kind of plastic." (D.E. 1). Castellanos denied loading the trailer but stated he was present during most of the loading and his destination was Ohio. During initial screening, a drug dog alerted to the trailer. When Castellanos was asked whether agents could search the truck, he agreed. The truck

and trailer were moved to secondary screening. When the trailer was opened, the drug dog found bales of what appeared to be marijuana at the front of the trailer. When field tested, the substance was confirmed to be marijuana. At that time Castellanos was arrested, read his Miranda rights, and escorted for questioning. Castellanos admitted he was being paid to transport marijuana to Houston. (D.E.1). Twenty-four bundles of marijuana were found in the trailer.

On October 11, 2008, Castellanos was charged in a one count indictment with knowingly possessing with intent to distribute approximately two hundred ten and eighty-four hundredths (210.84) kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 7). Castellanos pleaded guilty pursuant to a plea bargain. (D.E. 13, 22, 35).

Sentencing occurred on January 28, 2009. The Court found that Castellanos' base offense level was 32, with a Criminal History level of I. (See D.E. 35). Although Castellanos had no prior convictions, he had been stopped at a border checkpoint ten months before his arrest and was the passenger in a tractor trailer that was smuggling two illegal aliens. Neither he nor the driver were prosecuted for that offense. The Sentencing Guidelines calculation was trumped by the mandatory minimum of 60 months with 4-5 years supervised release, a fine of between $10,000 to $2 million dollars and a $100 special assessment. Castellanos qualified for a safety valve adjustment to an offense level 21 resulting in a guideline sentencing range of 37 to 46 months. *Id*. Castellanos was sentenced to 37 months imprisonment, 4 years supervised release, no fine was assessed, and the special assessment of $100 was allowed to be paid in installments. Judgment was entered on January 30, 2009. (D.E. 23). Castellanos did not appeal, but instead filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255. (D.E. 26).[1]

---

[1] Castellanos was sentenced on January 28, 2009 (D.E. 22); his Motion to Vacate was filed December 2, 2009 (D.E. 26).

### III.  MOVANT'S ALLEGATIONS

Calstellanos claims that his sentence should be reduced because his counsel was ineffective at punishment in failing to request a downward departure for his minor role in the transportation of drugs which would have resulted in a reduction of the guideline range to 30-37 months and a potential reduction in his sentence by up to 7 months; that his counsel was ineffective for failing to request a downward departure on the grounds that Castellanos is a deporatable alien and faces a longer prison sentence than a citizen because he is ineligible for decreased prison time for participating in a residential drug treatment program or for treatment in halfway house; and finally, that if he waived his appellate rights as part of his plea agreement, that such waiver was involuntary. (D.E. 26). Castellanos seeks an evidentiary hearing and the granting of a downward departure due to his minor role. *Id*.

For the reasons set forth herein, Castellanos' claims fail.

### IV.  DISCUSSION

Castellanos requested an evidentiary hearing on his claims. Because those claims are determinable from the record, his request is denied.

**A.   Ineffective Assistance of Counsel For Failing To Request Minor Role Reduction**

Castellanos' first claim is couched as ineffective assistance of counsel at sentencing. Such allegations presented in a § 2255 motion are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to

an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Castellanos claims that his counsel was ineffective on the ground that he failed to request downward departure at sentencing for Castellanos' alleged minor role. But in fact, counsel did request a role adjustment downward departure, which the Court denied. (D.E. 35).

> TRIAL COUNSEL: Your Honor, I'm going to ask the court to consider a role adjustment in the case. In looking at that arrest, I want to point out how candid my client was at the time that he was arrested, notwithstanding the driver of the vehicle, who appeared to be more, I guess, more of a principal, since my client said he was being paid $500 for his role. But they just let him go.[2]
> And then clearly, my client was needing money, and that's how he got involved in this offense. But he's been honest in all of his involvement with the law enforcement officers. And Agent Bartels will tell you that he's been completely honest in discussing his involvement in this and other people that were involved.
> So that's the trait he really has going for him, his honesty about these events. . . .
>
> THE COURT: Anything further on the argument of minor role?
>
> TRIAL COUNSEL: No, Your Honor.
>
> THE COURT: I'm going to overrule that, deny that request.

---

[2] Trial counsel was describing the previous smuggling effort in which Castellanos was involved. In the drug offense, he was the driver.

Factually, Castellanos is simply mistaken. His trial counsel sought a sentence reduction based upon a role adjustment which the Court denied. (D.E. 35).

**B.     Ineffective Assistance for Failure to Request Downward Departure as Deportable Alien**

In Castellanos' Reply Brief, Castellanos concedes that his second request for relief should be denied as moot. Although not technically moot, this ground of relief is without merit. First, the Fifth Circuit has already held that: "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure." United States v. Nnanna, 7 F.3d 420, 422 (5th Cir.1993) (affirming maximum guideline sentence) (citing United States v. Restrepo, 999 F.2d 640, 644 (2nd Cir. 1993); United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990); United States v. Soto, 918 F.2d 882, 884-85 (10th Cir. 1990)); see also Castillo-Silva v. United States, No. B-06-972-1, 2008 WL 3539761 at *4 (S.D. Tex., Aug. 13, 2008).

In this case, unlike in Nnanna, Castellanos was not given a maximum sentence, but received a low end guideline sentence, after consideration through the safety valve that he did not play an organizing or supervising role. His deportability is not an extraordinary circumstance that would support a downward departure. This ground for relief is denied.

**C.     Castellanos' Claim That His Waiver of Right to Appeal Was Involuntary is Moot**

Castellanos' Plea Agreement does not include a waiver of appeal. See D.E. 13. After the Government pointed that fact out to him, Castellanos concedes this issue is moot.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)."The COA determination under § 2253© requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Castellanos has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested); see also Rivers v. Quarterman, 661 F. Supp.2d 675, 703 (S.D. Tex. 2009).

Because Castellanos has not made the required substantial showing of the denial of a constitutional right, his claims do not require this Court to certify any issue for appellate consideration. This Court will not issue a COA.

### V. CONCLUSION

For the foregoing reasons, Castellanos' motion to vacate, set aside or correct his sentence (D.E. 26) is DENIED. Additionally, Castellanos is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 4th day of October, 2010.

_____
Janis Graham Jack
United States District Judge